IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Hospitality Parking, LLC | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.1:15-cv-955 |
| | § | |
| | § | |
| Premium Parking Service, LLC and | § | **JURY DEMANDED** |
| Hospitality Parking Services, Inc. | § | |
| Defendants | § | |
| | § | |
| | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, UNJUST ENRICHMENT, AND BREACH OF CONTRACT**

Plaintiff Hospitality Parking, LLC ("Plaintiff"), appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1.      This is an action for trademark infringement under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); and trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3.      The Court has personal jurisdiction over Defendant as it purposefully availed itself of benefits of conducting business in Texas by advertising its services and selling infringing products and services in this State and Judicial District. Venue in this Judicial District is proper under 28 U.S.C. § 1391(b).  Jurisdiction and Venue are also proper as agreed by the

Parties.

## PARTIES

4.    Plaintiff maintains its principle office at 1214 W. 6th St. Ste 220, Austin, TX 78703.

5.    Defendant Hospitality Parking Services, Inc., ("Defendant") is a Nevada corporation with its principle place of business at 17471 Pandion Ridge, Fairhope, AL 36532.

6.    Defendant Premium Parking Service, LLC is a Louisiana LLC with its principle place of business at 1010 Common Street, Suite 2950 New Orleans, LA 70112.

7.    Upon information and belief, Hospitality Parking Services, Inc. is an affiliate of and part owned by Defendant Premium Parking, LLC.

## FACTS

## A.    PLAINTIFF'S HOSPITALITY PARKING TRADEMARK

8.    Plaintiff provides full service parking operations for hotels, restaurants, high-rise condominiums, event centers, parking lots and garages, and private events.   Plaintiff's management team has a combined 50 years of experience in valet parking and parking management.

9.    Plaintiff provides its full-service valet parking services at some of the most iconic locations in Texas including the Austonian Condominiums in Austin as well as several Riverwalk locations in San Antonio.

10.    Since at least 2007, Plaintiff has used the mark HOSPITALITY PARKING in connection with its valet parking and parking management services in interstate commerce.

11.    Plaintiff's distinctive HOSPITALITY PARKING Mark readily serves to identify and indicate the source of Plaintiff's parking services to the public.

12.     As a result of Plaintiff's long use and promotion of the HOSPITALITY PARKING Mark, the Mark has become distinctive to distinguish Plaintiff and its parking services from those of others, and to distinguish the source or origin of Plaintiff's services.  As a result of these efforts by Plaintiff, the consuming public in Texas and throughout the United States widely recognizes and associates the HOSPITALITY PARKING Mark with Plaintiff.

13.     As a result of Plaintiff's use and promotion of the HOSPITALITY PARKING Mark in Texas and elsewhere, Plaintiff has acquired valuable common law rights in the HOSPITALITY PARKING Mark.

**B.      DEFENDANT'S INFRINGING ACTIVITIES**

14.     Hospitality Parking Services is a valet parking management company.

15.     Premium Parking Service is a parking management company.

16.     Hospitality Parking Services began offering services under the mark HOSPITALITY PARKING SERVICES in commerce in July of 2008.

17.     Plaintiff discovered Hospitality Parking Services's expansion of services into Texas in August of 2013.

18.     Plaintiff file suit in 2014 in this Court, Civil Action No. 1:14-cv-895 for trademark infringement ("the Lawsuit") due to Hospitality Parking Services's expansion into Texas.

19.     In March of 2015, Plaintiff and Hospitality Parking Services entered into a settlement agreement whereby Defendant agreed to "cease all use of 'Hospitality Parking Services' as a service mark by April 5, 2015" in exchange for Plaintiff's dismissal of the Lawsuit.

20.     In August of 2015, Plaintiff became aware of Hospitality Parking Services

continued use of the "Hospitality Parking Services" by Jim Tortorici, Defendant's Vice President of Business Development, passing out business cards with the Hospitality Parking Services name around Austin, Texas, showing an address in Houston, Texas.

21.     In August of 2015, Plaintiff became aware of Defendant Premium Parking, LLC's use, in partnership with its affiliate, Defendant Hospitality Parking Services of the Hospitality Parking name in connection with parking operations in Austin, Texas including the Hotel Van Zandt.

22.     Defendants are not affiliated with or sponsored by Plaintiff and has not been authorized by Plaintiff to use the HOSPITALITY PARKING Mark or any confusingly similar marks in relation to valet parking or parking management services.

## C.      EFFECT OF DEFENDANT'S ACTIVITIES

23.     Defendants' unauthorized use of the HOSPITALITY PARKING mark is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff.

24.     Defendants' unauthorized use of the HOSPITALITY PARKING mark falsely designates the origin of their products and services, and falsely and misleadingly describes and represents facts with respect to Defendants and their services.

25.     Defendants' unauthorized use of the HOSPITALITY PARKING mark enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by Plaintiff, and to gain acceptance for its products and services not solely on its own merits, but on the reputation and goodwill of Plaintiff, its HOSPITALITY PARKING Mark, and its services.

26.     Defendants' unauthorized use of the HOSPITALITY PARKING Mark unjustly enriches Defendants at Plaintiff's expense.  Defendants have been and continue to be unjustly enriched by obtaining a benefit from Plaintiff by taking undue advantage of Plaintiff and its goodwill. Specifically, Defendants have taken undue advantage of Plaintiff by trading on and profiting from the goodwill in the HOSPITALITY PARKING Mark, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for its own business and services.

27.     Defendants' unauthorized use of the HOSPITALITY PARKING Mark removes from Plaintiff the ability to control the nature and quality of services provided under the HOSPITALITY PARKING Mark, and places the valuable reputation and goodwill of Plaintiff in the hands of Defendants, over whom Plaintiff has no control.

28.     Unless these acts of Defendants are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

## COUNT I:  FEDERAL TRADEMARK INFRINGEMENT

29.     Plaintiff repeats the allegations above as if fully set forth herein.

30.     The acts of Defendants complained of herein constitute infringement of Plaintiff's HOSPITALITY PARKING Mark in violation of 15 U.S.C. § 1125(a).

31.     Defendants' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the HOSPITALITY PARKING Mark, and with intent to cause confusion and to trade on Plaintiff's goodwill in the HOSPITALITY PARKING Mark.  In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II:  COMMON LAW TRADEMARK INFRINGEMENT

32.     Plaintiff repeats the allegations above as if fully set forth herein.

33.     The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### COUNT III:  BREACH OF CONTRACT

34.     Plaintiff repeats the allegations above as if fully set forth herein.

35.     The acts of Defendants' complained of herein constitute breach of contract under Texas Law.

36.     Defendant Hospitality Parking Services signed a settlement agreement whereby it agreed to voluntarily cease all use of the name "Hospitality Parking Service" by April of 2015. In reliance upon this agreement, Plaintiff dismissed the Lawsuit.  Defendants have used this time to breach the agreement and continue to willfully infringing Plaintiff's trademark.

### COUNT IV:  COMMON LAW UNFAIR COMPETITION

37.     Plaintiff repeats the allegations above as if fully set forth herein.

38.     The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Texas.

### COUNT V:  UNJUST ENRICHMENT

39.     Plaintiff repeats the allegations above as if fully set forth herein.

40.     The acts of Defendants complained of herein constitute unjust enrichment of Defendants at the expense of Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that:

(a)     Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and

restrained from using the HOSPITALITY PARKING Mark and any other mark that is confusingly similar to Plaintiff's HOSPITALITY PARKING Mark, and from any attempt to retain any part of the goodwill misappropriated from Defendant;

(b)      Defendants be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(c)       Plaintiff recover all damages it has sustained as a result of Defendants' activities, and that said damages be trebled;

(d)      An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(e)      Plaintiff recover its reasonable attorney fees;

(f)      Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

(g)      Plaintiff recover such other relief as the Court may deem appropriate.

## **JURY DEMAND**

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

DATED:  October 26, 2015                     Respectfully submitted,

                                          */s/ Joshua G. Jones*
                                          Joshua G. Jones
                                          Texas State Bar No. 24065517
                                          **REED & SCARDINO LLP**
                                          301 Congress Avenue, Suite 1250
                                          Austin, TX 78701

Tel. (512) 474-2449
Fax (512) 474-2622
jjones@reedscardino.com

**ATTORNEY FOR PLAINTIFF**